11-157-cr
*United States v. Leeper*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of March, two thousand twelve.

Present:
　　　　DEBRA ANN LIVINGSTON,
　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　*Circuit Judges*,
　　　　JED S. RAKOFF,
　　　　　　　*District Judge*.[*]
_____

UNITED STATES OF AMERICA,

　　　　*Appellee*,

　　　　　　　v.　　　　　　　　　　　　No. 11-157-cr

QUENTIN J. LEEPER, a/k/a Q,

　　　　*Defendant-Appellant*,

QUINCY O. TURNER, KEVIN MIMS, RONQUIKE E. MAISONER, HASHAUN L. LEEPER, RAYMOND A. HODNETT, SR., MAJOR ANTHONY NEWTON, ROGER ALLEN LEEPER, a/k/a DEW, KORAN DONNELL LEEPER, a/k/a KORRY D. LEEPER, MILLICENT L. LEEPER, DION D. KNIGHT, JOSE MARTINEZ, a/k/a NOELLE,


　　　　*Defendants*.

_____

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

1

For Defendant-Appellant:     A. JOSEPH CATALANO, Catalano Law, PLLC, Niagra Falls, N.Y.

For Appellee:     JOSEPH J.. KARASZEWSKI, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney, Western District of New York, Buffalo, N.Y.

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, *C.J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Quentin J. Leeper ("Leeper") appeals from a judgment of the United States District Court for the Western District of New York (Skretny, *C.J.*), entered January 5, 2011, convicting him, upon his guilty plea, of one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), and sentencing him principally to 135 months' imprisonment. On appeal, Leeper challenges the district court's sentence on the ground that the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, § 2, 124 Stat. 2372, should apply retroactively to his sentence because he was sentenced after the FSA was enacted on August 3, 2010. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"We are constrained to review sentences for reasonableness, and we do so under a deferential abuse-of-discretion standard." *United States v. Conca*, 635 F.3d 55, 62 (2d Cir. 2011) (internal quotation marks and citation omitted). This review encompasses "consideration of both the length of the sentence (substantive reasonableness) and the procedures used to arrive at the sentence (procedural reasonableness)." *United States v. Canova*, 485 F.3d 674, 679 (2d Cir. 2007).

2

Where we identify procedural error in a sentence, but the record indicates clearly that "the district court would have imposed the same sentence had it had an accurate understanding of its authority," the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing. *United States v. Sanchez*, 517 F.3d 651, 665 (2d Cir. 2008).

We need not address Leeper's argument that the FSA should apply retroactively to his sentence because we conclude that the district court would have imposed the same sentence even assuming the FSA were to apply retroactively in this case. Leeper's Guidelines range was calculated as 135 to 168 months, which was above the applicable ten-year mandatory minium under the pre-FSA version of 21 U.S.C. § 841. The district court observed that this range was "reasonable under the circumstances," and imposed a sentence of 135 months' imprisonment, a sentence on the lowest end of the range. While the district court did indicate its view that the FSA did not apply retroactively to defendants like Leeper whose offense conduct occurred before the FSA's passage, the district court gave no indication that it would have imposed a non-Guidelines sentence had the applicable mandatory minimum been five years rather than ten.

Here, where a district court made "an informed and individualized judgment," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008), to sentence the defendant within a Guidelines range that was well above either mandatory minimum potentially applicable to his case, we conclude that any error in the identification of the applicable mandatory minimum was harmless, *see United States v. Deandrade*, 600 F.3d 115, 120 (2d Cir. 2010). Accordingly, any error in applying the pre-FSA mandatory minimum under 21 U.S.C. § 841(b)(1)(A) does not warrant remand. *See Williams v. United States*, 503 U.S. 193, 203 (1992) (holding remand inappropriate where error did not affect district court's selection of sentence imposed).

3

Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk